IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

THE UNITED ILLUMINATING CO.,

    Plaintiff,

v.

M.T. VELOPOULA, her engines, boilers, etc. *in rem*, ELETSON CORPORATION, d/b/a ELETSON MARITIME, NOVARCO, LTD., and THOMAS J. WALKER, *in personam*

    Defendants.

---

CASE No.:

**300CV01409 AWT**

July 25, 2000

## VERIFIED COMPLAINT

Plaintiff, The United Illuminating Company, as and for its complaint against defendants M.T. VELOPOULA, Eletson Corporation, d/b/a Eletson Maritime, Novarco, Ltd., and Thomas J. Walker alleges as follows:

### PARTIES, SUBJECT MATTER JURISDICTION AND VENUE

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all times pertinent herein, Plaintiff, The United Illuminating Company ("UI") was and still is a corporation organized and existing by virtue of the laws of the state of Connecticut with its principal place of business in New Haven, Connecticut, and, at all pertinent times herein, was the owner of Bridgeport Harbor Station, an electrical generating facility including an oil terminal located at 1 Atlantic Street, Bridgeport, Connecticut.

3. Defendant Eletson Corporation d/b/a/ Eletson Maritime ("Eletson"), upon information and belief, is a corporation organized and existing by virtue of the laws of Greece,

the exact nature of the corporate structure of said corporation being unknown to plaintiff, with agents for the conduct of its business within this district, with an address at 2187 Atlantic Street, Stamford, Connecticut, and with the following registered agent in the State of Connecticut: Nancy A. Walkder, 315 Post Road West, Westport, Connecticut 06680.

4. Defendant Novarco, Ltd. ("Novarco"), upon information and belief, is a corporation organized and existing by virtue of the laws of Switzerland and a resident of the State of New York, with its principal place of business in White Plains, New York and has appointed United Corporate Services, Inc., 10 Bank Street, White Plains, New York 10606 as its registered agent in the State of New York.

5. Defendant Thomas J. Walker is a Connecticut resident with an address of 1440 Whalley Avenue, New Haven, Connecticut 06515.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1333(1), and 46 U.S.C. § 740.

7. Venue is proper in this District pursuant 28 U.S.C. § 1391.

### The May 18, 1998 Allision

8. At all times relevant to this Complaint, Eletson owned, operated, managed and/or controlled a shipping business and owned operated, and/or otherwise managed or controlled the ship known as the M.T. VELOPOULA ("VELOPOULA").

9. The VELOPOULA is a registered vessel of 39,265 gross tons, 17,954 net tons, and a length of 228.00 meters, a beam of 32.20 meters, and a depth of 19.7 meters.

10. At all times and during the events hereinafter described, the VELOPOULA was a registered vessel of Greece with a home port in Piraeus, Greece.

11. Upon information and belief, prior to May 18, 1998, Novarco and Eletson entered into a charter agreement whereby Novarco chartered the VELOPOULA to deliver oil to the Bridgeport Harbor Station for the purpose of loading oil into the Bridgeport Harbor Station, where the oil would be blended and delivered as instructed by Novarco.

12. On May 18, 1998, Captain Thomas J. Walker was the Connecticut licensed pilot aboard the VELOPOUA.

13. On May 18, 1998, the VELOPOULA approached the Bridgeport Harbor Station in an attempt to land and unload Novarco's oil.

14. At approximately 14:24 hours, the VELOPOULA, then on navigable waters of the United States, while attempting to effect a landing at Bridgeport Harbor Station collided with the Bridgeport Harbor Station pier causing extensive damage thereto.

## COUNT ONE

(Negligence against Eletson)

15. UI repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 14 of the Verified Complaint.

16. The officers and crew of the VELOPOULA were under the employ, control and management of Eletson.

17. The officers and crew of the VELOPOULA had a duty to exercise reasonable care in the process of landing at Bridgeport Harbor Station.

18. The officers and crew of the VELOPOULA failed to use reasonable care under the circumstances throughout the course of landing at Bridgeport Harbor Station.

19. The allision was in all respects caused by the fault of the VELOPOULA and her operators, including the officers, crew and Captain Walker, in one or more of the following respects:

    a. Failed to exercise good seamanship and nautical skill;

    b. Failed to maintain a proper lookout;

    c. Failed to chart a proper course, using an appropriate means of navigation and/or navigational aid;

    d. Failed to employ a qualified and competent pilot;

    e. Failed to employ qualified and competent officers;

    f. Failed to approach the pier at a safe and moderate speed; and

    g. Failed to recognize the limitations of the craft.

20. By reason of the aforesaid allision, UI has suffered damages in the nature of repair costs to the pier in the principal amount of $ 210,630.27 as nearly as same can presently be estimated.

## COUNT TWO

(Negligence against Novarco)

21. UI repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 14 of the Verified Complaint.

22. Novarco, as a voyage charterer of the VELOPOULA, and acting in accordance with a charter agreement with Eletson, was in charge of and in control of the operation of the VELOPOULA, including its officers and crew, on May 18, 1998.

23. The allision was in all respects caused by the fault of the VELOPOULA and her operators, including the officers, crew and Captain Walker, in one or more of the following respects:

    a. Failed to exercise good seamanship and nautical skill;

    b. Failed to maintain a proper lookout;

    c. Failed to chart a proper course, using an appropriate means of navigation and/or navigational aid;

    d. Failed to employ a qualified and competent pilot;

    e. Failed to employ qualified and competent officers;

    f. Failed to approach the pier at a safe and moderate speed; and

    g. Failed to recognize the limitations of the craft.

24. By reason of the aforesaid allision, UI has suffered damages in the nature of repair costs to the pier in the principal amount of $210,630.27 as nearly as same can presently be estimated.

## COUNT THREE (Against Thomas J. Walker)

25. UI incorporates each and every allegation set forth in paragraphs 1 through 14 as if fully set forth herein.

26. Captain Thomas J. Walker is a licensed pilot in the state of Connecticut.

27. In the course of attempting to land the VELOPOULA on May 18, 1998, Captain Walker had a duty to use reasonable care under the circumstances.

28. In the course of attempting to land the VELOPOULA on May 18, 1998, Captain Walker failed to use reasonable care under the circumstances.

29. The allision was caused in all respects by the fault of the VELOPOULA and her operators, including the officers, crew and Captain Walker, in one or more of the following respects:

    a. Failed to exercise good seamanship and nautical skill;

    b. Failed to maintain a proper lookout;

    c. Failed to chart a proper course, using an appropriate means of navigation and/or navigational aid;

    d Failed to supervise the crew and officers;

    e. Failed to approach the pier at a safe and moderate speed; and

    f. Failed to recognize the limitations of the craft.

30. By reason of the aforesaid allision, UI has suffered damages in the nature of repair costs to the pier in the principal amount of $210,620.37 as nearly as same can presently be estimated.

**WHEREFORE**, UI demands judgment against Eletson, Novarco, and Captain Thomas J. Walker as follows:

1. That plaintiff may have judgment for its damages in the amount of:

    a. $210,620.37;

    b. pre-judgment and post-judgment interest; and

    c. costs and reasonable attorneys' fees.

2. That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matter aforesaid, and that this Court will pronounce judgment in favor of the plaintiff for its damages, as aforesaid, with interest, costs and disbursements, and that said vessel may be condemned and sold to pay therefor; and

3. Such other, further and different relief as this Court deems just and proper in the premises.

Dated: July 25, 2000

PLAINTIFF,
THE UNITED ILLUMINATING COMPANY

By: _____
Jeremy G. Zimmerman (ct04154)
Of WIGGIN & DANA
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
Telephone: 203-498-4400
Telefax: 203-782-2889

## VERIFICATION

STATE OF CONNECTICUT )
                           ) ss.: New Haven
COUNTY OF New Haven )

I, John Buffa, of full age, being duly sworn according to law, upon his oath, deposes and says:

1. I am authorized to act on behalf of United Illuminating Company, which is plaintiff in this action.

2. I have read the foregoing Complaint and all the allegations contained therein. All such allegations are true based on my personal knowledge, except as to those matters herein alleged upon information and belief, in which case, I believe them to be true.

                                        _____
                                        John Buffa
                                        Principal Engineer

Sworn and subscribed to before
me this 25th day of July, 2000

_____
Notary Public

My commission expires:
**MY COMMISSION EXPIRES OCT 31, 2004**

4KDC031.DOC\10705\663\213024.03

8